UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AMBER ADAM, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BLOOMBERG L.P.,**<br><br>**Defendant.** | Case No.: 21-cv-4775<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

## INTRODUCTION

1. This is a Fair Labor Standards Act (FLSA) collective action and a New York Labor Law Rule 23 class action brought to remedy Defendant Bloomberg L.P.'s unlawful refusal to pay overtime at the rate of time and one half to Representatives in the Trading Solutions department.

2. Plaintiffs seek unpaid overtime wages, liquidated damages, costs and attorneys' fees as well as declaratory relief under the FLSA, 29 U.S.C. §201 *et seq*. and New York Labor Law Articles 6 and 19 and implementing regulations, including but not limited to 12 NYCRR part 142.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

1

4.      This Court has supplemental jurisdiction over any state claim raised by virtue of 28 U.S.C. §1367(a).

## VENUE

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b). Plaintiffs worked for Defendant in this District. The cause of action arose in this District. Many Plaintiffs reside in this District. Defendant resides in this District.

## PARTIES

### A.      Plaintiffs

6.      Plaintiff AMBER ADAM was an employee of Defendant and her Consent to Sue is attached hereto.

7.      Plaintiff AMBER ADAM is a resident of New York.

8.      Plaintiff AMBER ADAM was engaged in commerce while working for Defendant.

9.      Plaintiff AMBER ADAM represents a class of "all Representatives in the Trading Solutions department who were not paid time and one half for hours over 40 worked in one or more weeks."

10.     The term "Plaintiffs" as used in this complaint refers to the Named Plaintiff, any additional represented parties pursuant to the collective action provision of 29 U.S.C. §216(b), and to such members of the class brought pursuant to Fed. R. Civ. P. Rule 23, as described below, individually, collectively, or in any combination.

### B.      Represented Parties under the FLSA

11.     Plaintiff brings this case as a collective action for class members consisting of "all Representatives in the Trading Solutions department who were not paid time and one half

for hours over 40 worked in one or more weeks" within the three years preceding the filing of a consent to sue by such individual and the date of final judgment in this matter.

12. The class consists of individuals who worked in the Trading Solutions department anywhere in the United States, including New York, and California.

### C. Class Plaintiffs under the New York Overtime Law

13. Plaintiff brings this case as a Rule 23 Class Action for class members consisting of "all Representatives in the Trading Solutions department in New York who were not paid time and one half for hours over 40 worked in one or more weeks" at any time within the six years preceding the filing of this Complaint and the date of final judgment in this matter.

14. Upon information and belief, the class is composed of more than one hundred individuals.

15. There are questions of law and fact common to the class, including but not limited to whether the Plaintiffs were entitled to overtime premium pay, whether the Defendant knew or should have known that Plaintiffs worked off the clock, whether Defendant failed to provide the Plaintiffs with adequate notice upon hiring and wage statements that complied with NYLL.

16. The claims of the Named Plaintiff are typical of the claims of the class.

17. The Named Plaintiff and her counsel will adequately protect the interests of the class.

18. Common questions of law or fact predominate over individual questions and a class action is superior to other methods for the fair and efficient adjudication of the controversy.

### D.     Defendant

19.    Defendant BLOOMBERG L.P. is a Delaware company registered in New York. The Defendant lists its business address as 731 Lexington Avenue, New York, New York 10022.

20.    Defendant's business is a multinational mass media corporation that provides software tools, data services, and news to financial companies and organizations around the world.

21.    Defendant's Trading Solutions department is located in New York City, New York and San Francisco, California.

22.    Upon information and belief, Defendant grossed more than $500,000 in the past fiscal year.

23.    Defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

## FACTS

24.    Plaintiff ADAM was employed by Defendant.

25.    Plaintiff ADAM was employed by Defendant in New York City.

26.    Plaintiff ADAM began her work as a Representative in the Trading Solutions department, in Defendant's New York City office in approximately November 2019. She worked in that position until her employment ended in April 2021.

27.    Plaintiff ADAM was primarily employed by Defendant to respond to requests for assistance regarding how to use proprietary Bloomberg software.

28. These help requests primarily came through "Bloomberg Chat" requests initiated by Bloomberg customers.

29. Plaintiffs handled multiple "chats" with Bloomberg customers simultaneously, while also maintaining an ongoing "floor chat" (a conversation with all other on-duty representatives and supervisors).

30. Plaintiffs generally have the position title of "Representative" or "Specialist" in the Trading Solutions department.

31. Plaintiffs regularly worked more than 40 hours per week for Defendant.

32. Plaintiffs were generally scheduled for five eight-hour shifts (nine hours with an unpaid lunch hour during the workday).

33. Plaintiffs were required to be at work before their shift began to log into Defendant's computer system.

34. Plaintiffs were required to work past the end of their shifts to complete jobs.

35. Plaintiffs were required to work during their lunch hours to complete jobs.

36. Plaintiffs worked at home to study for various certification exams and to learn about different issues regarding Bloomberg's software products.

37. Defendant knew or should have known that Plaintiffs worked at home to study for various certification exams and to learn about different issues regarding Bloomberg's software products.

38. Defendant knew or should have known that Plaintiffs worked beyond their scheduled shift hours.

39. Defendant suffered or permitted Plaintiffs to work for its benefit off the clock hours outside their shift.

40. Defendant failed to set up a time-keeping system that would record all the hours that Plaintiffs performed.

41. Defendant failed to record the exact hours of work Plaintiffs performed.

42. Defendant did not ask Plaintiffs to record the hours of work they performed for Defendant off-site.

43. Defendant required Plaintiffs to work on weekends and holidays in addition to their regular shifts.

44. Prior to beginning employment as a Representative in the Trading Solutions department, Defendant communicated to Plaintiffs that they would be required to work five eight-hour shifts per week, for which they would be paid a salary.

45. Defendant paid Plaintiffs a salary rate for five eight-hour work shifts.

46. The salary paid to Plaintiffs by Defendant was intended to cover a 40 hour workweek.

47. Defendant failed to pay Plaintiffs overtime compensation at the rate of time and one-half for all hours worked over 40 in a workweek.

48. Defendant failed to pay Plaintiffs any compensation for their hours over 40 worked in a work week.

49. Upon information and belief, Defendant failed to provide New York Plaintiffs notice in writing at the time of hiring as required by N.Y. Lab. Law §195(1)(a), including the failure to provide the overtime rate of pay.

50. Upon information and belief, the wage statements that Defendant provided to New York Plaintiffs did not list the accurate number of regular hours or overtime hours worked.

51. In 2014, a class and collective wage and hour action was filed against Defendant by a class of Representatives who worked for Defendant's Analytics department. That case was titled *Michael v. Bloomberg L.P.,* 14-cv-02657 (S.D.N.Y.). Analytics Representatives perform similar customer support job duties as the Plaintiffs in this case. *Id.,* First Amended Complaint, Doc. 6 at ¶¶ 24-49.

52. In June 2018, after four years of litigation, including five days of trial, the action settled. *Id.*, Joint Motion for Preliminary Approval, Doc. 515 at 7,8; Final Approval Order, Doc. 540.

53. Upon information and belief, some Trading Solutions Representatives were part of the *Michael v. Bloomberg L.P.* action.

54. As a result of the *Michael v. Bloomberg L.P.* action, in June 2018 Defendant reclassified Analytics Representatives as non-exempt and eligible for overtime. However, Defendant excluded Trading Solutions Representatives from the reclassification of the Analytics department.

55. Defendant's failure to pay Plaintiffs the proper wages required by law was willful because Defendant knew it was violating the FLSA, or showed reckless disregard to the matter, when it failed to classify Trading Solutions Representatives, the Plaintiffs in this case, as non-exempt and overtime eligible.

56. All actions and omissions described in this complaint were made by Defendant directly or through its supervisory employees and agents.

57. Before working in the Trading Solutions department, Plaintiff ADAM worked as a Representative for Defendant's Analytics department. A wage and hour action on behalf of Defendant's customer support representatives, including Analytics

Representatives, is currently pending in a related action in the Southern District of New York. *Adams v. Bloomberg*, 20-cv-07724-RA-JLC, (S.D.N.Y.). On February 2, 2021, Plaintiff ADAM filed a Consent to Sue in the related action. *Id.* at Doc. 34-1.

## FIRST CAUSE OF ACTION
## (FLSA OVERTIME)

58. Defendant failed to pay premium overtime wages to the Plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §§203, 207 *et seq*. and its implementing regulations.

59. Defendant's failure to comply with the FLSA caused Plaintiffs to suffer loss of wages and interest thereon.

60. Defendant's failure to pay proper premium overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
## (NEW YORK OVERTIME)

61. Defendant failed to pay premium overtime wages to the Named Plaintiff and other New York Plaintiffs in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, including but not limited to 12 NYCRR Part 142.

62. Defendant's failure to comply with the New York Labor Law minimum wage and overtime protections caused New York Plaintiffs to suffer loss of wages and interest thereon.

## THIRD CAUSE OF ACTION
## (NEW YORK NOTICE UPON HIRING)

63. New York Labor Law §195(1)(a) requires Defendant to provide New York Plaintiffs, in writing in English and in the language identified by each member of the New York class as their primary language, at the time of hiring, a notice containing

specific enumerated criteria, including the regular hourly rate and overtime rate of pay; and to obtain from the New York Plaintiffs a signed and dated written acknowledgement, in English and in their primary language, of receipt of such notice. For all employees who are not exempt from overtime, the notice must state the regular hourly rate and overtime rate of pay.

64. Defendant did not provide notice upon hiring to the New York Plaintiffs as required by New York Labor Law §195(1)(a).

65. Defendant has engaged in a widespread pattern, policy, and practice of violating the New York Labor Law Article 6 requirement to provide notice upon hiring as detailed in this Class and Collective Action Complaint.

66. By reason of the foregoing, Defendant is liable to Named Plaintiff and the New York Class for statutory damages as provided by New York Labor Law §198(1-b) in an amount to be determined at trial, plus costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
## (NEW YORK WAGE STATEMENTS)

67. New York Labor Law §195(3) requires Defendant to furnish the New York Plaintiffs with a statement with every payment of wages listing their regular hourly rate or rates of pay; their overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

68. Defendant has engaged in a widespread pattern, policy, and practice of violating New York Labor Law §195(3) requirement to provide accurate wage statements as detailed in this Class and Collective Action Complaint.

69. By reason of the foregoing, Defendants are liable to Named Plaintiff and the New

York Class for statutory damages as provided by New York Labor Law §198(1-d) in an amount to be determined at trial, plus costs and attorneys' fees.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs request that this Court enter an order:

    A.    Certifying this action as a collective and class action, under §216(b) of the FLSA and Rule 23(b)(3);

    B.    Ordering notice to the putative class members at the earliest opportunity to ensure class members' claims are not lost to the State and Federal statute of limitations;

    C.    Declaring that the Defendant violated the Fair Labor Standards Act and New York Labor Law;

    B.    Declaring that the Defendant's FLSA violations of overtime protections were willful;

    C.    Granting judgment to the Plaintiffs for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages and awarding the Plaintiffs' costs and reasonable attorneys' fees;

    D.    Granting judgment to the New York Plaintiffs for their claims of unpaid wages as secured by the New York Labor Law as well as an equal amount in liquidated damages, statutory damages due for notice and wage statement violations, and awarding the Plaintiffs' costs and reasonable attorneys' fees;

    E.    Granting Plaintiffs prejudgment interest; and

F.      Granting such further relief as the Court finds just.

Respectfully Submitted,

Dated: May 27, 2021

*/s/Artemio Guerra*
Artemio Guerra, Esq.
Getman, Sweeney & Dunn PLLC
260 Fair St.
Kingston NY 12401
Tel: (845) 255-9370
Fax: (845)255-8649
Email: aguerra@getmansweeney.com

ATTORNEYS FOR PLAINTIFFS

# CONSENT TO SUE UNDER THE FLSA

I, Amber Adam, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment Bloomberg L.P. and any other associated parties. I authorize Getman, Sweeney & Dunn, PLLC, and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: May 27, 2021

*Amber Adam (May 27, 2021 10:32 EDT)*

Amber Adam

# Amber Adam Consent To Sue

Final Audit Report  2021-05-27

| | |
|---|---|
| Created: | 2021-05-27 |
| By: | Getman Sweeney Dunn (gsdoffice1@getmansweeney.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAqLHfXwPoXYiDpNwVGJiRsLjX_cpPwsSm |

## "Amber Adam Consent To Sue" History

- Document created by Getman Sweeney Dunn (gsdoffice1@getmansweeney.com)
  2021-05-27 - 11:45:44 AM GMT- IP address: 74.66.229.82

- Document emailed to Amber Adam (ambergdam@gmail.com) for signature
  2021-05-27 - 11:46:33 AM GMT

- Email viewed by Amber Adam (ambergdam@gmail.com)
  2021-05-27 - 2:31:41 PM GMT- IP address: 66.102.8.131

- Document e-signed by Amber Adam (ambergdam@gmail.com)
  Signature Date: 2021-05-27 - 2:32:37 PM GMT - Time Source: server- IP address: 184.153.73.119

- Agreement completed.
  2021-05-27 - 2:32:37 PM GMT

GETMAN SWEENEY & DUNN    POWERED BY Adobe Sign