UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMBER ADAM, individually and on behalf of all others similarly situated,

                      Plaintiffs,

-against-

BLOOMBERG L.P.,

                      Defendant.

No. 1:21-cv-04775 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Amber Adam, individually and on behalf of all others similarly situated ("Plaintiffs"), brings this putative class action against Bloomberg L.P. ("Bloomberg"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). *See* Dkt. 1 ("Compl."). Plaintiffs allege that Bloomberg engaged in various unlawful employment practices, including failing to pay overtime wages and failing to provide accurate wage statements. Now before the Court is the Report and Recommendation of Magistrate Judge James L. Cott, dated June 5, 2023, denying Plaintiffs' motion for conditional certification of an FLSA collective action. *See* Dkt. 49 ("R&R"). For the following reasons, the Court ADOPTS the R&R in its entirety.

## BACKGROUND

      The Court incorporates the portions of the R&R that set forth the procedural history and factual background of this case, and recounts only the key facts necessary for the disposition of this motion. *See* R&R at 2-3, 6-7. In brief, named plaintiff Amber Adam alleges that she worked in Bloomberg's Analytics Department from February 2019 to April 2021. *See* Dkt. 17 ("Adam Decl.") ¶¶ 3-4. Opt-in plaintiff Camryn Clemens likewise alleges that they worked in

Bloomberg's Analytics Department from April 2019 to March 2021.  *See* Dkt. 18 ("Clemens Decl.") ¶¶ 3-4.  Both Clemens and Adam allege that they worked as "Help Desk Representatives" (or "Help Desk Reps") in New York City providing customer service and technical support to users of Bloomberg's proprietary software. Adam Decl. ¶¶ 7, 9, 13; Clemens Decl. ¶¶ 7, 9, 13.  Plaintiffs allege that most Help Desk Reps work out of Bloomberg's New York City Office and that they therefore observed other Help Desk Reps working.  Adam Decl. ¶¶ 9-10; Clemens Decl. ¶¶ 9-10.  According to Clemens and Adam, Bloomberg pays Help Desk Reps a fixed salary based on a 40-hour work week but does not compensate Help Desk Reps for overtime, notwithstanding that they "regularly work for Bloomberg for more than 40 hours per week."  Adam Decl. ¶¶ 20, 27; Clemens Decl. ¶¶ 20, 29.

On August 20, 2021, Plaintiffs moved for conditional certification of a putative FLSA collective of "all Help Desk Reps in the Bloomberg Analytics Department who were classified by Bloomberg as exempt from overtime and were not paid time and one half for hours over 40 worked in one week." Dkt 15 at 1.  On September 8, 2021, the Court stayed the case to permit the parties to proceed with private mediation.  *See* Dkt. 22.  Upon receiving notification that the parties had not resolved the matter through mediation, this Court reinstated Plaintiffs' motion for conditional certification and directed the parties to complete briefing on the motion.  Dkt. 41.

Magistrate Judge Cott recommends denial of the motion for conditional certification.  R&R at 1.  Plaintiffs have filed objections to the R&R, which Bloomberg opposes.  *See* Dkt. 51 ("Pl. Obj."), Dkt. 52 ("Def. Opp.").  For the reasons set forth below, the Court adopts the R&R in its entirety and denies Plaintiffs' motion for conditional certification without prejudice to renew.

## STANDARD OF REVIEW

"A motion for conditional FLSA certification is a non-dispositive motion and therefore reviewed pursuant to [Federal Rule of Civil Procedure ("Rule")] 72(a)." *Lipstein v. 20X*

*Hospitality LLC*, No. 22-cv-04812 (DEH), 2024 WL 1175079, at *3 (S.D.N.Y. Mar. 19, 2024) (citation omitted). For non-dispositive motions, including those for conditional certification, a district court must "consider timely objections and modify or set aside any part of the [R&R] that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Further, when a party "simply reiterates the original arguments" before the Magistrate Judge, "the court will review the report and recommendation only for clear error." *Moise v. Fields*, No. 19-cv-11964 (VSB), 2021 WL 6133992, at *2 (S.D.N.Y. Dec. 29, 2021); *accord Farsura v. QC Terme US Corp.*, No. 21-cv-09030 (AT), 2023 WL 4348388, at *1 (S.D.N.Y. July 5, 2023) (same). Plaintiffs do not dispute that the clearly erroneous standard governs here. *See* Pl. Obj. at 5-6.

A finding is deemed clearly erroneous "only if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Clerveaux v. E. Ramapo Cent. Sch. Dist.*, 984 F.3d 213, 228 (2d Cir. 2021) (quotation marks and citation omitted). "A ruling contradicts law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Lipstein*, 2024 WL 1175079, at *3 (quotation marks and citation omitted). "Because the standard is highly deferential, the objector carries a heavy burden." *PWV Consultants LLC v. Chebil Realty LLC*, No. 20-cv-09030 (LTS), 2022 WL 562220, at *3 (S.D.N.Y. Feb. 24, 2022) (quotation marks and citation omitted).

## DISCUSSION

The FLSA provides that "any one or more employees" may bring suit on behalf of themselves and other "similarly situated" employees who "consent in writing to become such a party." 29 U.S.C. § 216(b); *see Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020). "Although they are not required to do so by FLSA, district courts 'have discretion, in appropriate cases, to implement § 216(b) by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v.*

3

*Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)) (ellipses and brackets omitted).

The Second Circuit applies a two-step framework for determining whether to certify a collective action under the FLSA. *Id*. at 554-555. At step one, plaintiffs must make a "modest factual showing" that they and potential opt-in class members are "similarly situated," that is, that they "together were victims of a common policy or plan that violated the law." *Id*. at 555 (citations omitted). Plaintiffs are similarly situated "to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Scott*, 954 F.3d at 515. In cases involving allegations that plaintiffs were erroneously classified as FLSA-exempt employees, the plaintiffs must show that "there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions, on which the criteria for many FLSA exemptions are based." *Myers*, 624 F.3d at 555 (quotation marks, citation, and ellipses omitted). At the second step, the district court will engage in a more searching inquiry to "determin[e] whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id*.

While the "modest factual showing" required for preliminary certification of an FLSA collective action is a low standard of proof, it cannot be satisfied by "unsupported assertions," *id*. at 555, or with "conclusory allegation[s]." *Morales v. Plantworks, Inc.*, No. 05-cv-02349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006). "[C]ertification is not automatic" and must be supported by evidence. *Romero v. H.B. Auto. Grp., Inc.*, No. 11-cv-00386 (CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012) (citation omitted). "The test is whether there is a 'factual nexus' between the claims of the named plaintiff and those who have chosen to opt-in to the action." *Lipstein*, 2023 WL 1928860, at *2 (citation omitted). When determining whether a

plaintiff has made the requisite showing for initial certification, courts consider "[the plaintiff's] pleadings, affidavits, and declarations," and "the affidavits and declarations of other potential class members." *Sanchez v. Clipper Realty, Inc.*, No. 21-cv-08502 (KPF), 2024 WL 3159821, at *5 (S.D.N.Y. June 25, 2024) (brackets and citations omitted).  At this stage, "courts should avoid resolving factual disputes, deciding substantive issues going to the ultimate merits of the case or making credibility determinations." *Id*. at *6 (brackets, quotation marks and citation omitted).

Magistrate Judge Cott recommends denial of Plaintiffs' motion for conditional certification without prejudice to renew upon a more developed factual record.  R&R at 14.  Principally, Magistrate Judge Cott finds that Plaintiffs "offer no basis for their purported knowledge about any putative additional members to this proposed collective and provide no non-conclusory assertion that other employees shared the same duties." *Id.* at 11.

Plaintiffs raise several objections to the R&R.  *See generally* Pl. Obj.  Plaintiffs argue that: (1) Magistrate Judge Cott imposes a heightened evidentiary standard for collective class actions that is contrary to Second Circuit authority; (2) the R&R relies upon wage theft cases that are inapplicable to the misclassification context; (3) Magistrate Judge Cott fails to consider all of the evidence that Plaintiffs submitted in support of their motion; and (4) Magistrate Judge Cott's recommendation is contrary to conditional certification decisions in prior cases involving similar allegations against Bloomberg.  *See generally id.*  The Court addresses each of Plaintiffs' objections in turn.

I.  **First Objection**

According to Plaintiffs, Magistrate Judge Cott's denial of certification in this case imposes a heightened standard of proof that threatens to "undermine decades of Second Circuit precedent that has permitted plaintiffs to send notice to potential opt-in plaintiffs upon a modest factual showing." Pl. Obj. at 1.

Far from a departure from Second Circuit precedent, Magistrate Judge Cott's decision is entirely consistent with the law of this circuit. The Second Circuit has held that, while a plaintiff's burden at the initial class certification stage is "modest," *Scott*, 954 F.3d at 515 (citation omitted), plaintiffs cannot reflexively rely on "unsupported assertions" or conclusory allegations, *Myers*, 624 F.3d at 555 (citation omitted). Therefore, in misclassification cases, a plaintiff must still make "some showing that there are other employees who are similarly situated" to them with "respect to their job requirements and with regard to their pay provisions," and "who are classified as exempt pursuant to a common policy or scheme." *Id.* (brackets, quotation marks, and citation omitted). Courts in this circuit have required "actual evidence of a factual nexus" between the plaintiff's experience and the experiences of those she claims are "similarly situated." *Mata v. Foodbridge LLC*, No. 14-cv-08754 (ER), 2015 WL 3457293, at *2 (S.D.N.Y. June 1, 2015) (citation omitted). Magistrate Judge Cott applies this well-established law and finds that Plaintiffs have fallen short of even their minimal factual showing.

Plaintiffs nevertheless maintain that Magistrate Judge Cott imposes a "strict requirement" that they produce the names of other similarly situated employees and/or details as to when and where they observed such employees engaged in non-exempt work, when no such requirement exists in the law. Pl. Obj. at 6-7. The Court disagrees. Many courts in this circuit have required plaintiffs seeking conditional class certification to satisfy precisely the same requirements Magistrate Judge Cott sets forth in the R&R. *See, e.g.*, *Khan v. Airport Mgmt. Servs., LLC*, No. 10-cv-07735 (NRB), 2011 WL 5597371, at *4 (S.D.N.Y. Nov. 16, 2011) (denying class certification where defendant claimed to have personal knowledge of "similar newsstand workers," but did not identify those workers by name or specify the source for his claim); *Sanchez v. JMP Ventures, LLC.*, 13-cv-7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27,

2014) (denying certification where plaintiff alleged a "common practice" across defendant's restaurants based on observations and conversations with other employees, but did not "provide any detail as to a single such observation or conversation"); *Gomez v. Kitchenette 123 Inc.*, No. 16-cv-03302 (AJN), 2017 WL 4326071, at *5 (S.D.N.Y. Sept. 5, 2017) (denying initial certification where plaintiff made "undetailed and conclusory references to observations and conversations he purportedly had" with other employees, without providing any "concrete details" (quotation marks omitted)).

This Court therefore cannot find that Magistrate Judge Cott's application of the law is clearly erroneous. Named plaintiff Amber Adam and opt-in plaintiff Camryn Clemens offer nearly identical declarations that effectively state little more than that they observed other "Help Desk Reps" in the office. The remainder of their declarations resort to unsupported assertions as to those employees' hours and pay. Plaintiffs assert, for instance, that "Help Desk Reps regularly work for Bloomberg for more than 40 hours per week"; that "Help Desk Reps regularly work through lunch and past the end of their shift"; and that "Bloomberg pays Help Desk Reps a salary intended to cover a 40-hour work week, five eight hour-work shifts." Adam Decl. ¶¶ 20, 23, 27; Clemens Decl. ¶¶ 20, 23, 27. Plaintiffs' declarations are wholly devoid, however, of any details as to the identity of these other Help Desk Rep employees or any explanation of the basis for Plaintiffs' purported knowledge regarding those employees' hours, pay, or responsibilities. Even the title "Help Desk Reps" is an umbrella term of Plaintiffs' own creation. Plaintiffs lump together what are actually several different roles within the Analytics Department, *see* Adam Decl. ¶ 6; Clemens Decl. ¶ 6, based on threadbare and unsubstantiated claims as to the similarities that exist between them. Given the shortcomings in Plaintiffs' declarations, Magistrate Judge Cott's decision simply follows the many courts that have unequivocally held

that such "general and conclusory" assertions are insufficient for class certification. *See, e.g.*, *Huertero-Morales v. Raguboy Corp.*, No. 17-cv-02429 (JCF), 2017 WL 4046337, at *3 (S.D.N.Y. Sept. 12, 2017) (denying conditional certification where plaintiff's declaration made "general and conclusory assertions" that "other employees . . . frequently worked in excess of hours that they were paid for" and "were required to come in early" but "were never compensated for those hours"); *Ikikhueme v. CulinArt, Inc.*, No. 13-cv-00293 (JMF), 2013 WL 2395020, at *2 (S.D.N.Y. June 3, 2013) (denying preliminary certification where plaintiff averred that he "underst[ood] that the other Sous Chef employees of [d]efendants had similar duties and responsibilities," but provided no basis for his understanding).

## II.    Second Objection

Relatedly, Plaintiffs claim that the R&R erroneously relies on wage theft cases, which often involve multiple, distinct jobs across different geographical locations, and are therefore inapplicable to this action. Pl. Obj. at 6-7, 9. Plaintiffs' objection fails for at least two reasons. First, the cases cited in the R&R apply the uncontroversial and generally applicable principle that unsupported and conclusory assertions do not suffice to support a motion for conditional collective action certification. *See, e.g.*, *Myers*, 624 F.3d at 555 ("The modest factual showing cannot be satisfied simply by unsupported assertions") (quotation marks and citation omitted). The standard of proof for establishing conditional certification remains the same regardless of the nature of the underlying labor law violation.

Second, courts routinely apply the same standard — requiring plaintiffs to substantiate their observations regarding other putative class members — in misclassification cases as well. *See, e.g.*, *Bonett v. Shawmut Woodworking & Supply, Inc.*, No. 19-cv-01125 (LJV) (MJR), 2021 WL 423181, at *5 (W.D.N.Y. Feb. 8, 2021) (denying certification where plaintiff's declaration did "not lay out the source of his knowledge about the job duties, hours worked, or compensation

of other [potential class members]"); *Jung v. Gian Group, LLC*, No. 19-cv-08624 (MKV), 2021 WL 4120642, at *3 (S.D.N.Y. Sept. 9, 2021) (denying class certification where the plaintiff's declaration offered "merely conclusory assertions" as to the tasks assigned to other designers, without offering any "personal observations, hearsay evidence, or specific factual details" about other designers' assignments or work); *Khan*, 2011 WL 5597371, at *4 (rejecting motion for collective action notice where plaintiff "claim[ed] to have personal knowledge that defendants hired at least 40 . . . similar newsstand workers," but did not identify the workers by name or specify the source for his claim (brackets and quotation marks omitted)).

### III.  Third Objection

Plaintiffs separately cite a list of purported omissions in Magistrate Judge Cott's recommendation, none of which cures Plaintiffs' evidentiary deficiencies.  Pl. Obj. at 7-8. Plaintiffs claim that Judge Cott did not adequately engage with Adam's and Clemens' sworn statements that they worked closely with and observed other Help Desk Reps who were subject to the same performance requirements and metrics.  Pl. Obj. at 7-8.  As noted above, Adam's and Clemens' affidavits amount to little more than conclusory assertions of their observations of other Help Desk Reps, and the R&R properly concluded as much.  Magistrate Judge Cott also considered Rule 30(b)(6) testimony from another case brought against Bloomberg, *Roseman v. Bloomberg L.P.*, 14-cv-2657 (DLC), 2017 WL 4217150 (S.D.N.Y. Sept. 21, 2017), *see* Dkt. 16-2, but determined that such testimony did not have any probative weight because it merely referenced the start time for "unspecified workers" at Bloomberg.  R&R at 11.  In any event, the proceedings in *Roseman* date back nearly ten years ago and are irrelevant to any finding of substantial similarity between putative class members in *this* case.  While Magistrate Judge Cott did not explicitly address the "Trade Desk Analyst" job description appended to Plaintiffs' motion, it is not clear to the Court that the job description covers the responsibilities of all

9

putative class members, and Plaintiffs offer no non-conclusory statements to show that it does. Finally, although the R&R also did not expressly address the allegations in Plaintiffs' complaint or Bloomberg's admissions in its answer, Plaintiffs' complaint suffers from the same deficiencies as their declarations: the allegations contained therein are conclusory, unsubstantiated, and undetailed. Nothing in Plaintiffs' complaint or in Bloomberg's corresponding admissions would have moved the needle on class certification.

## IV.     Fourth Objection

Finally, Plaintiffs insist that conditional certification is appropriate here based on the grant of conditional certification in other cases brought by technology workers against Bloomberg years ago. Pl. Obj. at 9.

The Court is unpersuaded that those cases, involving "different jobs, different departments, and different evidence," Def. Opp. at 8, have any bearing on the appropriateness of conditional certification in this action. *See, e.g.*, *Martinez v. Bloomberg, L.P.*, No. 17-cv-04555 (RMB), 2017 WL 6988039, at *1 (S.D.N.Y. Dec. 7, 2017) (involving "Installation Representations"); *Enea v. Bloomberg*, *L.P.*, No. 12-cv-04656 (GBD), 2014 WL 1044027, at *1 (S.D.N.Y. Mar. 17, 2014) (involving "Global Technical Support Representatives"); *Siegel v. Bloomberg L.P.*, No. 13-cv-01351 (DLC), 2013 WL 4407097, at *1 (S.D.N.Y. Aug. 16, 2013) (involving "Service Desk Representatives"); *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 156 (S.D.N.Y. 2014) (involving "Global Customer Support (GCUS) Representatives").[1]

---

[1] To the extent that Plaintiffs now separately assert that *Roseman v. Bloomberg*, also known as *Michael v. Bloomberg L.P.*, involved employees with the "same roles" and therefore effectively decides the certification question presented here, Pl. Obj. at 3 (citing *Michael v. Bloomberg L.P.*, No. 14-cv-2657, 2015 WL 1810157, at *4 (S.D.N.Y. Apr. 17, 2015)), the Court likewise rejects that argument. Conditional certification in the *Roseman* case was granted over eight years ago, and it is not clear to the Court that the matter in fact involved the "same roles" at issue here. *See, e.g.*, *id.* at *1 (granting conditional certification of class consisting of "Analytics Representatives, Analytics Specialists, and Advanced Analytics Specialists").

Regardless, the Court cannot rely on judicial rulings in prior cases involving Bloomberg to justify granting conditional certification and must instead evaluate the evidence Plaintiffs have proffered in these proceedings. *See Garcia v. Chipotle Mexican Grill, Inc.*, No. 16-cv-00601 (ER), 2016 WL 6561302, at *8, n.9 (S.D.N.Y. Nov. 4, 2016) (declining to consider similar allegations in other lawsuits against the defendant because a "[p]laintiff's burden with respect to his conditional certification motion is inherently fact specific"); *Abramovich v. Magic Home Care LLC*, No. 18-cv-05342 (RML), 2019 WL 13143216, at *5 (E.D.N.Y. Apr. 11, 2019) (plaintiff could not establish substantial similarity by citing, without more information, a case with different overtime claims). The Court agrees with the R&R's determination that prior cases involving Bloomberg employees do not cure Plaintiffs' failure to identify individuals who "potentially have the same duties and raise the same claims" in the present action. R&R at 11.

Finally, the Court agrees with Bloomberg that, to the extent Plaintiffs now seek to submit declarations from these prior cases against Bloomberg for the Court's consideration, those declarations were not before Magistrate Judge Cott and are therefore not properly before this court. *See, e.g.*, *Baliga v. Link Motion, Inc.*, No. 18-cv-11642 (VM), 2022 WL 16707361, at *5 (S.D.N.Y. Nov. 4, 2022) ("[A] district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 44, 451 (S.D.N.Y. 2008))). Had Plaintiffs sought to present those declarations on a review of their conditional certification motion, they should have moved for judicial notice of them earlier. Even if they had done so, the Court is not persuaded that they would have changed the result here, for the reasons noted above.

## CONCLUSION

For the foregoing reasons, the Court finds no clear error, adopts the R&R in full, and denies Plaintiffs' motion for conditional certification without prejudice to renew upon a more developed factual record.

Dated: October 10, 2024
       New York, New York

                                          SO ORDERED.

                                          *Jennifer Rochon*
                                          JENNIFER L. ROCHON
                                          United States District Judge